**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSE S., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | Civil Action No. 20-17014 (MAS) <br><br> **MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Plaintiff Jose S.'s ("Plaintiff")[1] appeal from the Commissioner of the Social Security Administration's (the "Commissioner") final decision, which denied Plaintiff's request for supplemental security income. (ECF No. 1.) The Court has jurisdiction to review this appeal under 42 U.S.C. §§ 405(g) and 1383(c)(3) and reaches its decision without oral argument under Local Civil Rule 78.1. For the reasons below, the Court affirms the Commissioner's decision.

I.  **BACKGROUND**

In this dual-issue appeal, the Court must address two related questions posed by Plaintiff: Did the Administrative Law Judge ("ALJ") err by failing to adequately evaluate and weigh the medical opinion of Doctor Derek P. Aita, Psy.D., in determining Plaintiff's residual functional

---

[1] The Court identifies Plaintiff by first name and last initial only. *See* D.N.J. Standing Order 2021-10.

capacity with respect to Plaintiff's (1) ability to handle and finger and (2) mental limitations? (*See generally* Pl.'s Appeal Br., ECF 12.) The overarching issue is whether substantial evidence supports the ALJ's decision that Plaintiff could perform light work. The Court begins with a brief background of the procedural posture and decision by the ALJ.[2]

### A. Procedural Posture

Plaintiff filed an application for supplemental social security income in November 2017, alleging a disability onset date of August 1, 2017. (AR 17, 210.) The Social Security Administration (the "Administration") denied the request both initially and on reconsideration. (*Id.* at 122-26, 131-33.) Thereafter, Plaintiff requested a hearing (*id.* at 134-38), and the ALJ held that hearing on January 3, 2020 (*id.* at 36-99). The ALJ issued a written opinion, where he determined that Plaintiff was not disabled. (*Id.* at 14-28.) Plaintiff appealed that decision, and the Administration's Appeals Council affirmed the ALJ's decision. (*Id.* at 1-7.) This appeal followed. (ECF No. 1.) Plaintiff filed his opening brief on August 9, 2021 (ECF No. 12), and the Commissioner filed her opposition brief on August 11, 2021 (ECF No. 13). Plaintiff filed a reply brief on August 26, 2021. (ECF No. 14.)

### B. The ALJ's Decision

In his February 26, 2020 opinion, the ALJ concluded that Plaintiff was not disabled under the prevailing Administration regulations. (*See generally* AR 17-28.) The ALJ set forth the five-step process for determining whether an individual is disabled. (*Id.* at 18-19 (citing 20 C.F.R. § 416.920(a)).) At step one, the ALJ found that Plaintiff had not "engaged in substantial gainful activity" since November 20, 2017, even though Plaintiff earned over $14,000 in 2018. (*Id.* at 19

---

[2] The Administrative Record ("AR") is found at ECF Nos. 9 through 9-9. The Court will reference the relevant pages of the AR and will not reference the corresponding ECF page numbers within those files.

(citing 20 C.F.R. § 416.971).) At step two, the ALJ found that Plaintiff suffered from several severe impairments, including asthma, vascular insult of the brain, hypertension, hypercoagulable state, neurocognitive disorder, and major depressive disorder. (*Id.* at 20 (citing 20 C.F.R. § 416.920(c)).) At step three, the ALJ determined that Plaintiff did not have "an impairment or combination of impairments" that qualified under the Administration's listed impairments. (*Id.* at 20-22 (citing 20 C.F.R. §§ 416.920(d), 416.925, 416.926).) At step four, the ALJ concluded that Plaintiff was "unable to perform any past relevant work." (*Id.* at 27 (citing 20 C.F.R. § 416.965).) At the fifth step, the ALJ concluded that "there are jobs that exist in significant numbers in the national economy" that Plaintiff could perform. (*Id.* at 27 (citing 20 C.F.R. §§ 416.969, 416.969(a)).)

This appeal turns on the ALJ's assessment of Plaintiff's residual functional capacity ("RFC") and his application of that determination to suitable jobs in the national economy. (Pl.'s Appeal Br. 1, 8, 12.) Specifically, as a precursor to his step-four conclusion, the ALJ found that Plaintiff had the RFC "to perform light work as defined in 20 C.F.R. [§] 416.967(b)" subject to certain limitations. (AR 22-27.) In making the ultimate RFC determination, the ALJ examined Plaintiff's lifestyle, medical examinations, subjective complaints, physical rehabilitation, and activities post-dating his onset date. (*Id.*) As part of the ALJ's review, he evaluated the January 2020 neuropsychological evaluation conducted by one-time examiner Doctor Derek Aita, Psy.D. ("Dr. Aita") and determined it was "not persuasive." (AR 26.) Although Dr. Aita found that Plaintiff had marked to extreme limitations—such as maintaining social functioning, performing activities of daily living, and maintaining concentration, persistence, or pace—the ALJ determined that that finding was "not supported or consistent with the mental status examination" and was contrary to "other separate and objective examinations." (*Id.* (citing AR Exs. 2F at 3, 3F at 5, 5F at 4-5).) At the heart of this appeal is the ALJ's decision to find Dr. Aita's opinion unpersuasive.

3

## II.     LEGAL STANDARD

### A.     Standard of Review

On appeal from the final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001). To survive judicial review, the Commissioner's decision must be supported by substantial evidence. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see Morales v. Apfel*, 225 F.3d 310, 316 (3d Cir. 2000). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401 (citing *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Substantial evidence "'may be somewhat less than a preponderance' of the evidence." *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)).

In reviewing the record for substantial evidence, the court "may not weigh the evidence or substitute [its own] conclusions for those of the fact-finder." *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005) (internal quotation marks omitted). Even if the court would have decided differently, it is bound by the ALJ's decision if it is supported by substantial evidence. *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). The court must "review the record as a whole to determine whether substantial evidence supports a factual finding." *Zirnsak v. Colvin*, 777 F.3d 607, 610 (3d Cir. 2014) (citing *Schaudeck v. Comm'r*, 181 F.3d 429, 431 (3d Cir. 1999)). "Since it is apparent that the ALJ cannot reject evidence for no reason or for the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether

the reasons for rejection were improper." *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981) (citation omitted).

### B. Establishing Eligibility for Supplemental Security Income

To be eligible for supplemental security income benefits due to disability, claimants must be unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Under the statute, claimants are disabled only if their physical or mental impairments are "of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 1382c(a)(3)(B). A physical or mental impairment is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* § 1382c(a)(3)(D).

Administration regulations provide a five-step evaluation procedure to determine whether an individual is disabled. *See* 20 C.F.R. § 416.920. For the first step, claimants must establish that they have not engaged in any substantial gainful activity since the onset of their alleged disabilities. *Id.* § 416.920(a)(4)(i). For the second step, claimants must establish that they suffer from a "severe . . . impairment" or "combination of impairments." *Id.* § 416.920(a)(4)(ii). Claimants bear the burden of establishing the first two requirements, and failure to satisfy either one results in a denial of benefits. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). The third step requires that claimants provide evidence that their impairments are equal to at least one of the impairments listed in Appendix 1 of the regulations. 20 C.F.R. § 416.920(a)(4)(iii). If claimants demonstrate that they suffer from a listed impairment or that their severe impairment is equal to a listed

5

impairment, they are presumed to be disabled and entitled to social security income benefits. *Id.* If they cannot so demonstrate, the eligibility analysis proceeds to step four. The fourth step of the analysis requires the ALJ to determine whether claimants' RFC permit them to resume previous employment. *Id.* § 416.920(a)(4)(iv). If claimants' RFC permits previous employment, claimants are not "disabled" and not entitled to social security income benefits. *Id.* § 416.920(f). The burden of persuasion rests with claimants in the first four steps. *Malloy v. Comm'r of Soc. Sec.*, 306 F. App'x 761, 763 (3d Cir. 2009). At the fifth step, the burden shifts to the Commissioner to demonstrate that claimants can perform other work consistent with their medical impairments, age, education, past work experience, and RFC. *Id.* If the Commissioner cannot satisfy this burden, claimants will receive social security income benefits. 20 C.F.R. § 416.920(g).

### III. DISCUSSION

Plaintiff appeals the Appeals Council's affirmance of the ALJ's February 2020 decision. At bottom, Plaintiff centers his appeal on the ALJ's decision to discount the opinion of neuropsychologist Dr. Aita, a one-time medical examiner, in considering Plaintiff's RFC. (*See generally* Pl.'s Appeal Br.) According to Plaintiff, Dr. Aita's opinion proved that Plaintiff had significant manipulative limitations (preventing his ability to frequently handle and finger) and mental limitations that the ALJ did not consider. (*Id.* at 8, 13.) Had the ALJ so considered, the ALJ would have found that Plaintiff was unable to perform other jobs in the national economy, thereby entitling him to supplemental security income. (*Id.* at 15 ("The ALJ's errors with respect to Dr. Aita's neuropsychological testing and opinions were harmful. There is no vocational-expert testimony identifying significant numbers of jobs given Dr. Aita's opinions to carry the Commissioner's Step-5 burden of production.").)

The Commissioner responds that substantial evidence supports the ALJ's findings that (1) Plaintiff can perform light work and that (2) Dr. Aita's opinion was unpersuasive.[3] (*See* Commissioner's Opp'n Br. 10-16.) In support of her argument, the Commissioner highlights that the ALJ's written decision is supported by numerous medical opinions, including Plaintiff's treating neurophysiologist, a consultative examiner, and two state agency medical consultants. (*Id.* at 12 (citing AR 23-26).) As to Dr. Aita's opinion, the Commissioner argues that the ALJ adequately explained why he found that opinion both unpersuasive and inconsistent with the record as a whole. (*Id.* at 13 (citing AR 26, 477, 502, 545-46).) Specifically, the Commissioner contends that multiple doctors found Plaintiff could work and did not suffer from a significant impairment of the hands, contrary to Dr. Aita's findings. (*Id.* at 14 (citing AR 26, 455, 461, 481).) The same is true for Plaintiff's mental limitations. (*Id.* at 12-14.) Finally, the Commissioner emphasizes that "[m]ost telling" of Plaintiff's ability to use his hands and cognitively function is that Plaintiff actually worked during the relevant period up to 40 hours per week, which the ALJ noted. (*Id.* at 15 (citing AR 24).)

The Court thus must assess whether substantial evidence supported the ALJ's finding that Plaintiff's RFC did not include limitations precluding light work. In doing so, the Court will consider the ALJ's evaluation of Dr. Aita's medical opinion. No dispute exists that 20 C.F.R. § 416.920c governs how ALJs weigh medical opinions in determining disability. (*See* Pl.'s Appeal Br. 14; Commissioner's Opp'n Br. 10-11.) Under that regulation, the ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s)" and was "not required to articulate how [he] considered each

---

[3] The Commissioner highlights that because Plaintiff's claim was filed after March 2017, the revised regulatory framework applies instructing the ALJ to consider the persuasiveness of medical opinions. (Commissioner's Opp'n Br. 10-11 (citing 20 C.F.R. § 416.920c(a)).)

medical opinion or prior administrative medical finding from one medical source individually." 20 C.F.R. § 416.920c(a), (b)(1). Rather, the regulation required the ALJ to evaluate the persuasiveness of a medical source's opinion by considering objective criteria like "[s]upportability," [c]onsistency," "[l]ength of the treatment relationship," and "[f]requency of examinations." *Id.* § 416.920c(c).

The Court finds the ALJ followed this regulation. Although the ALJ was not required to articulate the individual weight given to Dr. Aita's opinion, he found that the opinion was "not supported or consistent with the mental status examination" and that "other separate and objective examinations showed that the claimant was cognitively and neurologically normal." (AR 26.) The ALJ went further to define examples of inconsistent medical opinions, citing, among others, the August 2019 and November 2019 reports from Dr. Geller and Dr. Ezema.[4] (*Id.*) In doing so, the ALJ pointed to specific exhibits in the record that contradicted Dr. Aita's findings. (*Id.* (citing AR Exs. 2F at 3, 3F at 5, 5F at 4-5)); *see also* 20 C.F.R. § 416.920c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.").) The ALJ also appropriately considered the Plaintiff's relationship with Dr. Aita and the purpose of the treatment under 20 C.F.R. § 416.920c(c). (AR 26.)

---

[4] Plaintiff claims the ALJ erred by "rel[ying] on brief notations from emergency-room physicians to reject Dr. Aita's opinions." (Pl.'s Appeal Br. 14.) But the ALJ cited several other medical professionals in rendering his RFC determination for mental limitations, as well as Plaintiff's own subjective descriptions of his condition. (*See, e.g.*, AR 23 (considering record of physical therapist assisting Plaintiff with speech therapy), AR 24 (citing Dr. Chirag Shukla's medical evaluation that Plaintiff should return to work), AR 24 (relying on Plaintiff's subjective expression that he was feeling better and returned to work), AR 26 (considering the opinions of Doctors Raymond Briski and Joseph Sobelman).) The Court therefore rejects Plaintiff's assertion that the basis for the ALJ's finding was unreasonable.

8

Focusing on Plaintiff's specific arguments on appeal, the Court first addresses Dr. Aita's medical opinion as to Plaintiff's use of his hands. (Pl.'s Appeal Br. 8-12.) For starters, Dr. Aita's report considered by the ALJ never quantified the extent of Plaintiff's handling or fingering limitations (*see* Pl.'s Appeal Br. 10 (citing AR 1037)) but instead opined on Plaintiff's hand limitations in the context of his prior work in construction and welding. (AR 1037.) The ALJ agreed with this finding, however, in concluding that Plaintiff was unable to perform past work. (AR 27.) In any event, there is little doubt that the ALJ specifically addressed and rejected Dr. Aita's hand-use findings. (*See* AR 26 (explaining why other medical opinions contradicted Dr. Aita's findings of motor functioning and sensation impairments).) Elsewhere in the ALJ's written opinion he elaborated on his conclusion that Plaintiff could "frequently finger and handle with the bilateral upper extremities." (AR 22.) For example, the ALJ considered the following: Plaintiff's physical therapy records (AR 23 (citing AR Ex. 1F) (opining that functional mobility was within normal limits and demonstrated "good" rehabilitation potential)), medical findings that only Plaintiff's left hand fingers had decreased range of motion (*id.*), reports that Plaintiff has normal grasping strength (AR 24 (citing AR Ex. 7F)), Plaintiff's September 2018 return to work and doctors recommending the same (*id.* (citing AR Ex. 15F), Plaintiff's denial of any pain (*id.*), and findings that Plaintiff had full range of motion and sensation in the upper extremities (AR 25). In fact, the ALJ considered Plaintiff's subjective complaints of hand pain in imposing a greater limitation than the Social Security medical consultant advised. (*Id.* (rejecting medical consultant's finding that Plaintiff can "frequently perform postural maneuvers" considering Plaintiff's self-reported complaints of hand and body pain).) To be sure, considering the ALJ's written opinion as a whole, the Court finds substantial evidence that Plaintiff can perform light work even with his physical limitations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (substantial evidence means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (internal citation omitted)).

Turning second to Plaintiff's argument that the ALJ erroneously disregarded Dr. Aita's findings on mental limitations, the Court concludes otherwise. As to Plaintiff's contention that the ALJ failed to reference "Dr. Aita's extensive objective testing" (Pl.'s Appeal Br. 13), the Court notes that the ALJ need not "make reference to every relevant treatment note" where the claimant has "voluminous medical records." *Fargnoli*, 247 F.3d at 42. Rather, the correct standard is whether the ALJ acknowledged the medical findings he rejected and adequately explained his reason for doing so. *Zirnsak*, 777 F.3d at 614. The ALJ considered and disagreed with Dr. Aita's opinion that Plaintiff had a substantial limitation in his ability to understand, remember, and carry out instructions. (AR 26, 1037-39.) The ALJ further disagreed with Dr. Aita that Plaintiff had extreme limitations in interacting with supervisors or responding to usual work situations and explained why he found Plaintiff "cognitively and neurologically normal" in two separate sections of his written opinion. (AR 25-26.) Specifically, the ALJ highlighted that Dr. Aita's conclusions were inconsistent with several of Plaintiff's other medical examinations, as well as Plaintiff's own subjective statements. (*See* AR 26 (disputing Dr. Aita's conclusion with Plaintiff's own denial of feeling depressed and several inconsistent medical opinions).) More broadly, the ALJ adequately supported his finding that Plaintiff's mental limitations did not preclude light work. For one, the ALJ noted that Plaintiff completed physical therapy and was cleared by his neurologist to resume full-time work. (AR 23-24.) The ALJ also considered Plaintiff's subjective feelings (AR 24 (citing AR Ex. 15F) ("claimant reported that he was feeling much better and that he even went back to work")) and multiple medical evaluations (*e.g.*, AR 25 ("showing normal memory orientation, attention, and language skills, as well as attention span."), AR 26 ("mental status examinations

10

showed normal memory, attention, and concentration.")). The Court has little trouble concluding that "more than a mere scintilla" of evidence supported the ALJ's finding that Plaintiff's mental limitations did not preclude light work. *See Anderson v. Saul*, No. 18-3625, 2020 WL 7237929, at *9 (D.N.J. Dec. 9, 2020) (affirming ALJ's RFC determination where "ALJ detailed years of record evidence" including medical records).

In sum, the Court finds the ALJ's RFC assessment is supported by substantial evidence. *Johnson v. Comm'r of Soc. Sec.*, 529 F.3d 198, 200 (3d Cir. 2008) ("Substantial evidence does not mean a large or considerable amount of evidence, but rather such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." (quoting *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999))). Similarly, the Court finds the ALJ did not ignore or wrongfully reject Dr. Aita's report. *Opsanic v. Comm'r of Soc. Sec.*, No 20-123, 2021 WL 3354022, at *1 n.2 (W.D. Pa. Aug. 2, 2021) ("While it is axiomatic that an ALJ's consideration of medical opinion evidence may lead him to afford an opinion little or no weight, ALJs may not 'reject evidence for no reason or for the wrong reason.'" (quoting *Morales*, 225 F.3d at 317)).

## IV. CONCLUSION

Having reviewed the Record as a whole, the Court affirms the affirmance of the ALJ's decision by the Administration's Appeals Council. The Court will issue an order consistent with this Memorandum Opinion.

/s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

11